**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AFFINITY FEDERAL CREDIT UNION,<br>Plaintiff,<br>v.<br>RUTH E. THOMPSON-MCLEAN,<br>Defendant. | Civil Action No. 26-11275 (RK) (TJB)<br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Remand filed by Plaintiff Affinity Federal Credit Union ("Plaintiff"), ("MTR," ECF No. 4), as well as a Motion for Limited Early Discovery filed by *pro se* Defendant Ruth E. Thompson-McLean ("Defendant"), (ECF No. 7). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**, and Defendant's Motion for Limited Early Discovery is **DENIED as moot.**

## I. BACKGROUND

Plaintiff filed the initial state court Complaint on April 8, 2021, in the Superior Court of New Jersey, Middlesex County to collect an outstanding Visa credit card debt of $8,840.98, plus accruing interest and costs. (ECF No. 9-2.)[1] Soon after, the state court entered default judgment in favor of Plaintiff. (ECF No. 9-1 ¶ 2.) On August 8, 2024, Defendant filed a separate small claims

[1] The Court takes judicial notice of all filings in *Affinity Federal Credit Union v. Ruth E. Thompson-McLean*, No. MID-DC-003932-21 (N.J. Super. Ct. Apr. 8, 2021), as they are a matter of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

action in the Superior Court of New Jersey, Middlesex County. (ECF No. 4-4 (Defendant's state court Complaint).) Among other relief, Defendant sought $5,000 for "inaccurate reporting to the credit bureaus" by Plaintiff and moved to vacate the original default judgment. (ECF No. 9-1 ¶ 3; ECF No. 4-4.) On February 27, 2026, the Honorable Patrick J. Bradshaw vacated the original default judgment and consolidated the two actions. (ECF No. 4-5 (order consolidating Plaintiff and Defendant's state court matters).)

On August 13, 2026, Plaintiff filed an Amended Complaint demanding payment from Defendant of the original outstanding debt. ("Am. Compl.," ECF No. 1-1.) Defendant removed the action to this Court on August 31, 2026. ("NOR," ECF No. 1.) Defendant asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) over the Amended Complaint because it "arises from federal debt-collection issues." (*Id.* ¶ 6.)

On September 1, 2026, Plaintiff filed the Motion to Remand now pending before the Court. ("MTR," ECF No. 4-1.) Plaintiff argues that the case should be remanded because the Amended Complaint "pleads a state-law cause of action for breach of contract" and "fails to raise a federal question." (*Id.* at 5.) Defendant opposed the Motion to Remand on September 16, 2026, ("Def. Opp.," ECF No. 6), and simultaneously moved for limited early discovery, (ECF No. 7).

## II. LEGAL STANDARD

A defendant may remove to federal court a civil action originally filed in state court if the federal court may exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). United States district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331.[2] To establish "federal question" jurisdiction under

[2] District courts also have original jurisdiction for "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). Defendant does not contend that diversity jurisdiction exists here.

§ 1331, a "federal question must appear on the face of a well-pleaded complaint." *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981). This rule makes the plaintiff "master of the claim" because "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A plaintiff may move to remand back to state court at any time before final judgment if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The removing party "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

## III. DISCUSSION

Defendant acknowledges that "the operative pleading is a consumer debt-collection lawsuit," but contends that "the collection activity is intertwined with alleged federal rights under the Fair Debt Collection Practices Act [('FDCPA').]"[3] (NOR at 1, 3.) Defendant claims that resolution of the dispute requires examination of federal debt-collection standards and the conduct of covered debt collectors, thus providing the Court with subject matter jurisdiction over this case. (*Id.* ¶¶ 14–16.)

Not so. Under the "well-pleaded complaint" rule, determination of a court's jurisdiction "is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). The Amended Complaint is limited to factual allegations regarding the Visa Card Agreement between

[3] The FDCPA statutes cited—15 U.S.C. §§ 1692e, 1692i, 1692j, 1611, 1692k—relate to abusive, deceptive, or unfair debt collection practices and provide consumers with a private right of action to recover damages. (MTR ¶¶ 6, 24–27.)

the parties, Defendant's failure to pay installments, and Plaintiff's demand for payment. (Am. Compl. ¶¶ 1–9.) Plaintiff has not raised an FDCPA claim in the Amended Complaint. Defendant concedes that fact. (NOR ¶ 16 (stating that the Amended Complaint "does not expressly plead an FDCPA cause of action").) The alleged implication of consumer rights under the FDCPA is not sufficient to establish a federal question here because the well-pleaded complaint relies solely on state law. *See Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) (finding a defendant's FDCPA rights provide no basis for federal question jurisdiction where the plaintiff's complaint relies only on state-law claims).

Defendant also cannot establish federal jurisdiction by raising the possibility of federal defenses or counterclaims. *See, e.g., Russo v. Lanuto*, No. 12-4169, 2012 WL 4490660, at *3 n.2 (D.N.J. Sept. 27, 2012) (finding a FDCPA counterclaim "cannot serve as the basis for 'arising under' jurisdiction"); *M&T Bank v. Han*, No. 23-00647, 2023 WL 2263740, at *2 (D.N.J. Feb. 28, 2023) (concluding removal based on FDCPA counterclaims is "plainly improper under the well-pleaded complaint rule").

In addition to the FDCPA, Defendant contends that "the disputed transactions and related withdrawal may implicate federal consumer-financial protections, including Regulation E."[4] (NOR ¶ 9.) This argument fails for the same reasons set forth above. As "master of the claim," Plaintiff limited the operative complaint to a state-law claim, *see Caterpillar Inc.*, 482 U.S. at 392; thus, Plaintiff has avoided federal court.

[4] Consumer Financial Protection Bureau ("CFPB") Regulation E concerns consumer rights using electronic fund or remittance transfers. 12 C.F.R. § 1005.1.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, (ECF No. 4), is **GRANTED**, and Defendant's Motion for Limited Early Discovery, (ECF No. 7), is **DENIED as moot**. This matter is **REMANDED** to the Superior Court of New Jersey, Law Division, Middlesex County.

An appropriate Order accompanies this Memorandum Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: October 19, 2026